UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JONATHAN N. LANE,

Petitioner,

v.                                              CAUSE NO. 3:26-CV-14-GSL-JEM

SHERIFF,

Respondent.

OPINION AND ORDER

Jonathan N. Lane, a prisoner without a lawyer, filed a habeas petition purporting

to challenge his probation revocation in connection with Case No. 02D05-2501-F6-72 in

the Allen Superior Court. In that State criminal proceeding, he pled guilty to unlawful

residential entry. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must

dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits

that the petitioner is not entitled to relief in the district court."

In the petition, Lane argues that he is entitled to habeas relief because the

prosecution lacked probable cause to charge him with unlawful residential entry, the

prosecution failed to disclose discovery, and trial counsel refused to advocate on his

behalf. Notably, each of these claims presents a challenge to Lane's conviction rather

than the revocation of his term of probation. Before considering the merits of a habeas

petition, the court must ensure that the petitioner has exhausted all available remedies

in State court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir.

2004).

Indiana courts have explained a convicted individual's State court remedies as follows:

> Postconviction procedures do not afford a petitioner with a super-appeal, and not all issues are available. Rather, subsequent collateral challenges to convictions must be based on grounds enumerated in the postconviction rules. If an issue was known and available, but not raised on direct appeal, it is waived. If it was raised on appeal, but decided adversely, it is res judicata. If not raised on direct appeal, a claim of ineffective assistance of trial counsel is properly presented in a postconviction proceeding. A claim of ineffective assistance of appellate counsel is also an appropriate issue for postconviction review. As a general rule, however, most free-standing claims of error are not available in a postconviction proceeding because of the doctrines of waiver and res judicata.

*Timberlake v. State*, 753 N.E.2d 591, 597–98 (Ind. 2001). "[B]ecause a conviction imposed as a result of a guilty plea is not an issue that is available to a defendant on direct appeal, any challenge to a conviction thus imposed must be made through the procedure afforded by the Indiana Rules of Procedure for Post–Conviction Remedies." *Hall v. State*, 849 N.E.2d 466, 472 (Ind. 2006).

In the petition, Lane does not suggest that he has presented his claims at any level of the State courts. Further, review of the electronic dockets for the State courts[1] indicates that Lane has not initiated State post-conviction proceedings to challenge this conviction. Consequently, it appears that the court should dismiss this case without prejudice to Lane returning to federal court once he has finished in State court. Nevertheless, the court will grant Lane an opportunity to address the court's

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

characterization of his claims and the exhaustion issue before deciding whether to dismiss for failure to exhaust pursuant to Section 2254 Habeas Corpus Rule 4.

For these reasons, the court:

(1) GRANTS the motion for leave to proceed *in forma pauperis* (ECF 2);

(2) ORDERS Jonathan N. Lane to file a response to this Order on whether he has appropriately exhausted his remedies by April 23, 2026; and

(3) CAUTIONS Jonathan N. Lane, that, if he does not respond by that deadline, this case will be dismissed without prejudice without further notice.

SO ORDERED on March 23, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT